## Ex parte KWAN SO.

(District Court, N. D. California, First Division. February 3, 1913.)

No. 15,359.

1. ALIENS (§ 44*)—IMMIGRATION AUTHORITIES—HEARING—INSPECTORS—DISQUALIFICATION.

An immigration inspector was not disqualified to hear a deportation proceeding against relator, an alien, charged with being found in a house of prostitution, because he participated in a so-called raid of the house in which petitioner was found, and had such personal knowledge of the facts as was so acquired.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 102–104; Dec. Dig. § 44.*]

2. ALIENS (§ 54*)—DEPORTATION—HEARING—RECORD.

Where, in proceedings to deport relator for being found in a house of prostitution after entering the United States, it was conceded that she was found in a raid on a house that was reputed to be a rendezvous for harlots, she was not prejudiced by the failure of the inspector, who participated in the raid, to make a formal record statement of the matters within his own knowledge, by which he was influenced in directing deportation.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*]

Habeas corpus on petition of Kwan So. On demurrer to petition. Sustained.

George A. McGowan, of San Francisco, Cal., for petitioner.

John L. McNab, U. S. Dist. Atty., of San Francisco, Cal., for respondent.

DIETRICH, District Judge. The time is not opportune for a review of the pertinent judicial decisions, nor would any useful purpose be subserved thereby. The principles of law are pretty well settled, and the question is largely one of the application of such principles to the particular facts of the case.

As I understand her contention, the petitioner relies mainly upon two propositions: (1) That the inspector, before whom the hearing was had, was biased; and (2) that he based his judgment upon facts which were not made of record in a formal way.

[1] Under the first head it is urged, not that the inspector had any feeling of ill will or was in any wise prejudiced against the petitioner personally, but only that, upon information acquired from sources out-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

side the record, he had received a strong impression against the petitioner before she had an opportunity to make her defense. Concretely stated, the fact seems to be that he himself participated in the so-called raid of the house in which the petitioner was found, and which it is claimed by the government was a house of ill fame; and of course he had such knowledge as was thus acquired. While it is somewhat difficult for the mind, accustomed to the contemplation only of investigations conducted strictly in accordance with the time-honored rules of judicial procedure, to adjust itself to the informal and sometimes ex parte methods of administrative officers, I do not think that, under the law as the same has been interpreted by the Supreme Court, the inspector here was disqualified. Indeed, sometimes, in our court procedure, judicial officers act upon facts within their own knowledge and do not resort to formal proofs in the nature of sworn testimony: Grand juries may return indictments upon information which they themselves acquire at first hand; and notably, in a certain class of contempt proceedings, judges convict upon facts which they themselves have observed.

[2] As to the second point, while the practice referred to is not to be commended, I am satisfied that the petitioner was not prejudiced by reason of the failure of the inspector to make a formal, record statement of the matters within his knowledge and by which he was influenced. Upon inquiry from petitioner's counsel, he frankly indicated the facts and conditions which in his mind tended to make a prima facie case, and the petitioner was in that way fully advised of what she had to meet. In so far as appears, he had no disposition to decline to submit to interrogation or cross-examination, and I am unable to see how the petitioner would have been any better off if he had prepared and filed as a part of the record an affidavit formally setting forth the same matters which he stated orally in the presence of the petitioner and her counsel. Moreover, I am satisfied that the evidentiary facts are such as to make a case upon which, in the most favorable view to the petitioner, reasonable men might differ. She admits that she was present in this house, and the record makes it clear that, in some quarters at least, it had the reputation of being a rendezvous for harlots. It is true the petitioner makes the further defense that her presence was entirely innocent, but, to say the least, her explanation is not conclusive, and the issue is one upon which reasonable men might very well differ.

The demurrer will therefore be sustained.